```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     CHARLESTON
```

**JERMICHAEL DESPER,**

      **Movant,**

v.                                      **Case No. 2:01-cr-00112-01**
                                            **Case No. 2:03-cv-00306**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's *pro se* Motion to Supplement his Pending 28 U.S.C. § 2255 Motion (docket sheet document # 86), filed July 21, 2004. Movant asks the court to permit him to supplement his § 2255 Motion and to hold that the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), applies retroactively to his case.

Jermichael Desper (hereinafter referred to as "Defendant"), is serving a 157 month period of imprisonment, to be followed by a five year term of supervised release, upon his conviction by a jury of possession with intent to distribute cocaine base (Count One), and possession of a firearm in relation to a drug trafficking crime (Count Two), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). The District Court also imposed a special assessment of $100.00. (Judgment in a Criminal Case, entered September 10, 2001, # 45.)

Defendant's direct appeal was unsuccessful. United States v. Desper, No. 01-4772, 45 Fed. Appx. 213, 2002 WL 521974 (4th Cir. Apr. 8, 2002). The mandate was issued on April 30, 2002 (# 67).

On April 7, 2003, Defendant filed a Motion and Memorandum pursuant to 28 U.S.C. § 2255 (## 71 and 72). On September 22, 2003, the undersigned filed Proposed Findings and Recommendation that the Motion be denied (# 80). Defendant requested an extension of time to file objections to the Proposed Findings and Recommendation (# 81), which was granted by Order entered October 9, 2003 (# 83). Defendant's objections were due by October 17, 2003. Id. No objections were timely filed. By letters received March 9 and 10, 2004, Defendant inquired as to the status of his Motion. (## 84, 85). There was no other filing by Defendant until the instant Motion to Supplement.

On January 12, 2005, the Supreme Court decided United States v. Booker, and United States v. Fanfan, 125 S. Ct. 738 (2005), which reaffirmed the Court's holding in Apprendi, applied the holding in Blakely to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in

which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Defendant's case has concluded direct review and is final. Thus Booker does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

Several circuit courts of appeals have ruled that Booker does not apply retroactively to persons whose convictions were final prior to the Supreme Court deciding Blakely v. Washington, 124 S. Ct. 2531 (2004) and Booker.

The Circuit Court of Appeals for the Seventh Circuit has ruled that Booker does not apply retroactively to cases on collateral review. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). The Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts

bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

* * * The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

4

> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

397 F.3d at 480-81.

The Second Circuit has decided <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005), which held that "neither <u>Booker</u> nor <u>Blakely</u> appl[ies] retroactively to [a] collateral challenge." Similarly, the Eleventh Circuit decided, in <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005), "that <u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." The Sixth Circuit ruled in <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. 2005) that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

On March 8, 2005, in <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005), the Tenth Circuit held that <u>Blakely</u> was a new rule of criminal procedure that was not subject to retroactive application on collateral review.

A similar conclusion was reached in <u>Rucker v. United States</u>, 2005 WL 331336, No. 2:04-cv-00914PGC (D. Utah, Feb. 10, 2005).

5

Stacy Rucker pled guilty to armed bank robbery in July, 2003, with sentencing in October, 2003, before both Blakely and Booker. His offense level was enhanced for property taken from a financial institution, discharge of a firearm, and loss exceeding $10,000, and reduced for acceptance of responsibility. He filed a Motion under 28 U.S.C. § 2255, asserting that Blakely (and Booker) should be applied retroactively to him, and that his sentence was unconstitutional. The District Court held:

> The approach to sentencing required by the *Blakely* and *Booker* decisions is a new rule. Moreover, it is a procedural rule about the allocation of fact-finding power between judge and jury and about proof beyond a reasonable doubt. Such a new procedural rule applies retroactively only where it implicates the fundamental fairness and accuracy of a criminal proceeding. The *Blakely/Booker* rule does not implicate fundamental fairness. Indeed, *Booker* itself requires the courts to continue to "consider" the Guidelines in imposing sentence. Accordingly, the *Blakely/Booker* rule does not apply retroactively to Mr. Rucker (and others whose convictions became final before *Blakely*).

Rucker v. United States, 2005 WL 331336, *1.

Based on McReynolds, Green, Varela, Humphress, Price, and Rucker, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before Blakely and Booker were decided, and that neither Blakely nor Booker applies retroactively on collateral review.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr. Pursuant to the provisions of

6

Title 28, United States Code, Section 636(b)(1)(B), Rule 6(e) of the Federal Rules of Civil Procedure, and Rule 8(b) of the Rules Governing Section 2255 Proceedings, Movant shall have three days (mailing) and ten days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

  Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

  The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

 April 6, 2005            /s/ Mary E. Stanley
   Date              Mary E. Stanley
                  United States Magistrate Judge